UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In Admiralty

IN THE MATTER OF THE COMPLAINT OF
GREAT LAKES DREDGE & DOCK COMPANY, LLC
FOR EXONERATION FROM OR LIMITATION             Case No._____
OF LIABILITY AS OWNER OF THREE
SECTIONS OF DREDGE PIPE PONTOON
AND AN AIR COMPRESSOR BARGE

    Petitioner.

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW the Petitioner, Great Lakes Dredge & Dock Company, LLC (hereinafter "GLDD" or Petitioner"), as owner of a tow consisting of three 480' sections of pontoon dredge pipe and one air compressor barge (collectively referred to as "the Vessel"), by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty or Maritime Claims ("Supplemental Admiralty Rule F"), and Local Admiralty Rule (f), petitions this Court for Exoneration from or Limitation of Liability, for all claims arising out of a collision occurring on or about March 13, 2020 upon navigable waters of the United States, and as grounds therefore alleges:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

    2.    Limitation Petitioner, GLDD, is a Delaware corporation, and was at all material times the owner of the Vessel referred to in this Petition.

3. The dredge pipe pontoon is constructed to float dredge pipe on water and was being used to transport dredge pipe on the navigable waters of the United States, while the air compressor barge is constructed to float on water and was being used to transport an air compressor over the navigable waters of the United States. On March 13, 2020, at the time of the collision, the three sections of dredge pipe pontoon and air compressor barge were lashed together as a single unit to be towed upon the navigable waters of the United States, and otherwise constituted a "vessel" within the statutory definition set forth in 1 U.S.C. § 3.

4. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* and Supplemental Admiralty Rule F governing Limitation of Liability actions.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1333 and 46 U.S.C. §30501 *et seq.*

6. Pursuant to Supplemental Admiralty Rule F(9), venue is proper in this district because the Vessel has not been attached or arrested with respect to the claim described herein, the owner, GLDD, has not been sued with respect to the claim described herein, and the Vessel may be found within this District.

7. The only known Claimants to this action are Courtney Sherron and the Estate of Felix Sherron, III (hereinafter collectively "the Sherrons" or "Claimants"), c/o Davey & Brogan, 101 Granby Street, Suite 300, Norfolk, Virginia 23510. Based upon information and belief, Courtney Sherron is a resident of and domiciled in Norfolk, Virginia, and is co-administrator of the Estate of Felix Sherron, III.

8. The events, acts, and circumstances giving rise to this Petition and the claims of the Sherrons, occurred upon the navigable waters of the United States on March 13, 2020, while the Vessel was engaged in maritime activity and being towed by the Tug MAVERICK. At all relevant times, the Tug MAVERICK was owned and operated by Intracoastal Marine, Inc.

9. On Friday evening, March 13, 2020, Courtney Sherron was a passenger and Felix Sherron was the operator of a 24-foot center console pleasure craft that was traveling at a high rate of speed in Norfolk Harbor when it collided with the slow moving Vessel under tow of the Tug MAVERICK. As a result of the collision, Felix Sherron sustained fatal injuries resulting in his death on or about March 15, 2020, and Courtney Sherron sustained non-fatal personal injuries.

10. At all times material hereto, GLDD exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

11. The instant Petition for Exoneration or Limitation of Liability is being filed less than six months after Petitioner's first written notice of claim; therefore, it is timely filed pursuant to the provisions of Supplemental Admiralty Rule F.

12. The Vessel was not damaged, lost or abandoned, and is presently within the district.

13. Based upon written notice dated August 25, 2020, Courtney Sherron and the Estate of Felix Sherron, III, asserted claims for bodily injury and wrongful death against GLDD as owner of the Vessel with which they collided on March 13, 2020.

14. Pursuant to Supplemental Rule F(2) and 46, U.S.C. §30501 *et seq.*, GLDD seeks exoneration from or limitation of liability for any injuries, damages, and losses of whatever description arising out of the aforesaid collision and desires to contest the liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

15. The incident described herein was not caused or contributed by any fault, negligence, or lack of due care on the part of Petitioner.

16. Alternatively, the aforesaid incident was done, occasioned and incurred without the privity or knowledge of Petitioner.

17. Petitioner claims exoneration from or limitation of liability for any and all property damages, personal injuries and/or death caused by the subject collision involving the Vessel, and for any claims thereof.

18. Any claims arising from the injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible, and Petitioner is entitled to exoneration from any liability for any such claims.

19. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged injuries, losses, or damages on the part of any person, vessel or other claims arising from the March 13, 2020 incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. §30501 *et seq.*

20. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $430,000. There was no pending freight. Contemporaneously herewith, Petitioner files an Affidavit of Appraised Value from David J. Tantrum, a marine surveyor, attached hereto as Exhibit "A."

21. Petitioner alleges that the amount of damages associated with potential claims arising from this maritime incident may exceed the value of its interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage. Petitioner submits herewith as Exhibit "B" a Letter of Undertaking in the amount of $431,000, representing the value of the Vessel post casualty, plus $1,000 security for costs as required by LAR f(1).

22. By reason of the foregoing, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq*. and Supplemental Rule F in this proceeding.

**WHEREFORE PETITIONER PRAYS:**

A. For an Order directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on March 13, 2020, citing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioner and/or the Vessel in respect of any claim or claims arising out of the incident on March 13, 2020, above described; and

C. For a Decree adjudging:

1. That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of March 13, 2020, as above stated;

2. Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

Respectfully submitted this 11th day of December, 2020.

                                          GREAT LAKES DREDGE AND
                                        DOCK COMPANY, LLC

                                        /s/ Edward J. Powers      .
                                        Edward J. Powers (VSB No. 32146)
                                        VANDEVENTER BLACK LLP
                                        500 World Trade Center
                                        Norfolk, VA 23510
                                        Tel:    757.446.8600
                                        epowers@vanblacklaw.com

                                          4831-5643-5156, v. 1